IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:10CV153-V

| | |
|---|---|
| MARCUS ROWE,  )  <br> Plaintiff,  )  <br> )  <br> v.  )  <br> )  <br> ECKERD YOUTH ALTERNATIVES,  )  <br> INC., f/k/a ECKERD FAMILY  )  <br> YOUTH ALTERNATIVES, INC.,  )  <br> Defendant.  )  <br> _____  ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's Motion to Strike Paragraph 9 of the First Amended Complaint and Exhibit A to the First Amended Complaint, filed January 25, 2011.[1] (Documents ##28,29)

**I.**

The instant lawsuit stems from Plaintiff Marcus Rowe's ("Rowe") allegations of racial discrimination by Defendant Eckerd Youth Alternatives, Inc. ("Eckerd") in violation of 42 U.S.C. §2000e-2(a) ("Title VII"), 42 U.S.C. §1981, and N.C. GEN. STAT. §143-422.1, *et seq.* ("NCEEPA").

Prior to commencement of the case, Rowe timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (First Am. Compl. ¶8) Following the EEOC's investigation, Rowe obtained a "right to sue" letter. (First Am. Compl. ¶10 / Exh. B)

---

[1] Presumably, Plaintiff opposes Defendant's motion. Defendant Eckerd originally sought the same relief with respect to Plaintiff Rowe's initial Complaint. (Document #15 - rendered moot by the First Amended Complaint) Although Plaintiff filed a written response in opposition to Defendant's original Motion to Strike Paragraph 9 and Exhibit A (Document #22), Plaintiff did not submit a separate opposition brief in response to the instant motion.

Consequently, Rowe has exhausted his administrative remedies under Title VII. Plaintiff's cause of action is also timely-filed as it was brought within 90 days of receipt of the EEOC decision. (First Am. Compl. ¶10 / Exh. B) Accordingly, all jurisdictional prerequisites (or claim-processing rules) have been satisfied.[2]

Defendant Eckerd seeks to strike certain portions of the First Amended Complaint, namely, Paragraph 9 and Exhibit A. Paragraph 9 contains allegations concerning the EEOC's findings related to Plaintiff Rowe's charge of discrimination. More specifically, Plaintiff's First Amended Complaint alleges:

> "The EEOC found reasonable cause to believe that unlawful discrimination on the basis of race had occurred, and on or about May 26, 2010, the Greensboro office of the EEOC issued its Determination finding reasonable cause to believe defendant Eckerd had violated Title VII's anti-discrimination provisions."

(First Am. Compl. ¶9) Exhibit A is a copy of the EEOC's written decision. In support, Defendant Eckerd contends: 1) that EEOC determination letters are not binding on the ultimate fact-finder; and 2) that the EEOC findings are so prejudicial that they must be stricken from Plaintiff Rowe's pleading. Eckerd thus asserts that this information is "immaterial, impertinent, scandalous and prejudicial."

---

[2] *See* Patterson v. McLean Credit Union, 491 U.S. 164, 181 (1989), *superseded by statute on other grounds by* 42 U.S.C. §1981(b) (West 2003) ("Only after these procedures [EEOC administrative procedures] have been exhausted, and the plaintiff has obtained a "right to sue" letter from the EEOC, may he or she bring a Title VII action in court."); *but see* Bowles v. Russell, 551 U.S. 205 (2007); Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237 (2010); Henderson v. Shinseki, 131 S.Ct. 1197 (2011) (noting that the U.S. Supreme Court is beginning to question, in a number of different contexts, whether certain procedural limitations are, in fact, jurisdictional or claims processing rules).

## II.

Federal Rule 12(f) provides that "[t]he court *may* strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R.CIV.P. 12(f) (2011) (*emphasis added*); Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)(*unpublished*) (decision to strike factual allegations from a pleading is a discretionary one). A motion to strike, however, is a "drastic remedy" that is generally "viewed with disfavor" and "granted only for egregious [pleading] violations." Nixon v. Majors, No. 3:07CV413-R, 2007 WL 4592277, *3 (W.D.N.C. Dec. 28, 2007) (*citing* Waste Mgmt. Holdings, 252 F.3d at 347; Brown v. Ins. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)). In order to prevail on the motion, Defendant must demonstrate that the matter at issue is both "prejudicial" and of the type "envisioned" by Rule 12(f). Brown, 394 F. Supp. 2d at 727 (*citations omitted*); Godfredson v. JCB Legal Group, P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005) (*citations omitted*).

As for a claim that portions of a pleading are immaterial, "a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C., 200 F.Supp.2d 551, 554 (E.D.N.C. 2001)(*quoting* Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir.1958)).

## III.

The Court considers then whether "it is clear that the matter being challenged can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n, 200 F.Supp.2d at 554. Here, Defendant seeks to strike from the First Amended Complaint a recitation of the EEOC's reasonable cause determination, a legal conclusion reached as a result

of the agency's administrative investigation (and distinguished from administrative *factual findings*).  As one treatise explains, "The significance of a [reasonable cause] determination is that the EEOC must undertake its statutory obligation of attempting to conciliate the dispute." 7 Emp.Coord. Employment Practices §84:127 (2011) (*citing* 42 U.S.C. §2000e-5(b)). Nonetheless, "reasonable-cause decisions have no significance outside of EEOC processing." Id.  If a civil action is subsequently commenced, "the EEO''s "cause" decision is without legally binding effect." Id. (*citations omitted*).

While the Fourth Circuit has never expressly so held, other circuits have held that the EEOC's administrative findings and determinations are admissible in later Title VII court proceedings pursuant to FED. R. EVID. 803(8)(C).[3]  *See* 3 Emp. Discrim. Coord. Analysis of Federal Law §135:47 (2011) (*citing* 5th, 7th, 8th, and 11th Circuit opinions).  The same secondary authority notes that the probative value of an EEOC record in subsequent Title VII litigation is undercut by differences in the order of proof and legal standards.  Id., §135:55.  Indeed, there is persuasive authority in this district adopting a similar rationale.[4]  *See e.g.*, Chapman v. Duke Energy Carolinas, L.L.C., 2009 WL 1652463, *2-3 (W.D.N.C. June 11, 2009) (Conrad, J.);

---

[3] *See e.g.,* Cox v. Babcock & Wilcox Co., 471 F.2d 13, 15 (4th Cir.1972) (noting that even where EEOC records are deemed to have some probative value in district court action, admission is discretionary); Zeus Enters. v. Alphin Aircraft, Inc., 190 F.3d 238 (4th Cir.1999) (weighing probative value versus prejudicial effect of admission of ALJ's decision as to airworthiness of plane pursuant to Rule 803(8)(C) of the Federal Rules of Evidence at jury trial where ALJ presided over twelve-day evidentiary hearing and trial court held that ALJ ruling was an "investigation" for purposes of Rule 803(8)(C) hearsay exception for public records).

[4] However, the Court is also of the view that striking allegations from a Complaint serves no immediate purpose, particularly in the early stages of a case*. See* Bailey-P.V.S. Oxides, LLC v. S&K Packaging, Inc., 2009 WL 425605, *2 (W.D. Pa. Feb. 19, 2009) (*unpublished*) (holding that it was premature to strike allegations in a complaint just because they might be inadmissible at trial). Consequently, the undersigned generally discourages motions to strike.

Robinson v. Hospitality Group Mgmt., 2009 U.S. Dist. LEXIS 45593, *1-2 (W.D.N.C. May 14, 2009) (Keesler, J.).

The Court does not necessarily find "it [] clear that the matter being challenged can have no possible bearing upon the subject matter of the litigation." N.C. Shellfish Growers Ass'n, 200 F.Supp.2d at 554. To the extent Paragraph 9 and Exhibit A might have any probative value, however, the probative value is likely to be substantially outweighed by Rule 403 concerns including the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* FED.R.EVID. 403.

For these reasons, the Court, in its discretion, will grant Defendant's motion.

Signed: September 19, 2011

Richard L. Voorhees
United States District Judge