# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:10-CV-153-RLV-DCK

MARCUS ROWE,                    )
                                )
        Plaintiff,           )
                                )
vs.                             )
                                )
ECKERD YOUTH ALTERNATIVES,      )
INC.,                           )
                                )
        Defendant.           )
_____ )

## CONSENT PROTECTIVE ORDER

The parties move this Court for entry of this Consent Protective Order and Prospective Sealing Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("confidential materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. <u>General Scope of the Agreement</u>. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff or Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for

production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) personal information about Defendant's employees, including but not limited to: social security numbers, tax information, personnel records, and health insurance information; (b) confidential or proprietary business and personal information, including but not limited to, income tax returns, balance sheets, and profit and loss statements and (c) sensitive private and/or personal information.

2. <u>Designation as Confidential</u>. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may reasonably and in good faith designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential</u>. Parties may in good faith designate confidential materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4. <u>Restricted Use of Information</u>.

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(I) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation;

(v) the Charging Party for whom the EEOC brought this lawsuit, where appropriate;

(vi) by mutual consent.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5. <u>Acknowledgment of Agreement</u>. All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the

terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. <u>Inadvertent Disclosure</u>. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

7. <u>Use of Confidential Materials in this Case</u>. Nothing in this Agreement shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any confidential material is filed with the court, counsel filing the confidential material shall file it electronically under seal. Once such information is filed with the Court as part of any dispositive or other motion or related pleading, any party wishing for the information to remain under seal shall have ten (10) days from the date of filing of such information to submit a motion and accompanying memorandum to the Court in accordance with the local rules and electronic case filing administrative policies and procedures seeking to have that information remain under seal

and detailing the ground or grounds for such request.[1] If no motion is made within ten (10) days, the Clerk is directed to unseal the filings.

8. <u>Challenging Confidentiality</u>. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply at any time during or after the litigation to the Court for a ruling that a document or category of documents stamped as "Confidential" or as "Confidential Information" is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given reasonable notice of the application and an opportunity to respond. In the event such application is made with respect to a document or category of documents, the burden of proof in establishing that the document or category of documents is entitled to protection shall be on the party or other person asserting that the document is confidential or is otherwise entitled to protection, and the fact the parties entered into this Consent Protective Order in order to facilitate discovery shall not serve as a factor or in any way be considered by the Court in determining whether a particular document or class of documents is entitled to protection under Rule 26. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

---

[1] This provision is meant to address concerns about prospective sealing orders raised in *Haas v. Golding Transport, Inc.*, No. 1:09-cv-1016, 2010 WL 1257990 (M.D.N.C. March 26, 2010) (unpublished) and cases cited therein and to comply with LCvR 6.1.

9. <u>Right to Object</u>. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

10. <u>Disclosure</u>.

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

11. <u>Return of Confidential Information</u>. At the conclusion of this proceeding, including all appeals, and except as may be otherwise ordered by the Court, all Confidential Information not in the custody of the Court and any copies of such Confidential Information

shall be destroyed, returned to the parties from whence it came, or retained only by the attorneys appearing in this action and shall be segregated from other information and used for no purposes other than to preserve a record of this litigation.

12. Modification of the Agreement. In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

13. Protection of Copies. All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Agreement as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

14. Notices. Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

15. Effective Date. This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**IT IS SO ORDERED**.

Signed: March 16, 2012

*[signature]*

David C. Keesler
United States Magistrate Judge

s/Amanda E. Ballard
Fla. Bar No. 28808
Admitted Pro Hac Vice
Raymond S. Castro, Esquire
Fla Bar No. 0938793
Admitted Pro Hac Vice
*Attorneys for Defendants*
OGLETREE DEAKINS NASH SMOAK
& STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile: (813) 289-6530
Email:
Mandi.Ballard@ogletreedeakins.com
Email:
Raymond.Castro@ogletreedeakins.com


s/H. Bernard Tisdale III,
N.C. Bar No. 23980
*Attorneys for Defendants*
OGLETREE DEAKINS NASH SMOAK
& STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email:
Bernard.Tisdale@ogletreedeakins.com

s/Jon Wall
N.C. Bar No. 22839
*Attorney for Plaintiff*
ROBERTSON MEDLIN & BLOSS, PLLC
127 N. Greene St., 3rd Floor
Greensboro, NC 24701
Telephone: (336) 378-9881
Facsimile: (336) 378-9886
E-mail: jwall@robertsonmedlin.com